## C. T. SINDERSON v. JOHN BARTON PAYNE, AGENT UNDER THE TRANSPORTATION ACT, 1920.[1]

January 13, 1922.

No. 22,536.

**Negligence of master question for jury.**

1.  The plaintiff was working in a gravel pit of a railroad company, used at the time as a place for the storage of coal used by the engines, some two miles from the city where he lived.    He used the track in going to and from his work with the permission of the defendant.    When going to his work in the evening he was struck by an engine.    No warning was given.    The question of the defendant's negligence was for the jury.

**Comparative negligence rule applies to railroad worker going to work.**

2.  The plaintiff was watching the engine at the coal yards nights, to keep it from freezing, and while at work there, and while going to his work upon the tracks of the defendant, was within the railway employers liability act, Laws 1915, c. 187, which adopts the comparative negligence doctrine; and if the defendant was negligent the plaintiff could recover, though negligent himself, his damages being reduced in accordance with the comparative negligence rule.

**Contributory negligence of walker on track for the jury.**

3.  The plaintiff was on the way to his work in the evening of a cold December day, walking on the tracks, and was on a high and narrow fill when he saw by the light thrown on the tracks that a train was

[1]Reported in 186 N. W. 237.

approaching from behind. Immediately ahead was a bridge and further ahead was a road crossing over the track. He started for the crossing and as he jumped off the track, shortly before reaching it, was struck and injured. Whether he was negligent was a question of fact for the jury. If negligent in fact, or even as a matter of law, a recovery could be had if the defendant was negligent, the amount being determined in accordance with the comparative negligence rule.

Action in the district court for Ramsey county to recover $16,000 for personal injuries received while in the employ of defendant. The case was tried before Dickson, J., who at the close of the testimony granted defendant's motion for a directed verdict. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Duxbury & Bissell,* for appellant.

*M. M. Joyce* and *Donald Evans,* for respondent.

DIBELL, J.

Action to recover for personal injuries. The court directed a verdict for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

In December, 1919, the plaintiff, a man 66 years of age, was working for the director general in charge of the Minneapolis & St. Louis Railroad Company. He worked nights in a gravel pit about two miles north and west of Albert Lea where he lived. It was used as a place of storage of coal which was loaded from there onto the engines. About 5:30 in the afternoon he left the city for the gravel pit walking on the railroad track. This was his custom. It was the custom of others. There was snow on the ground and the night was cold. As he neared the gravel pit he noticed on the track the light of a train approaching from behind perhaps a distance of half a mile. He was then at the easterly side of a bridge some 30 feet in length covered with sheet iron. It may be inferred that it was so covered that people might walk over it. The track was on a narrow and steep fill, some 17 feet high at the bridge. There was a road-crossing some 600 feet to the west. The fill decreased in height to the west and was something like $3\frac{1}{2}$ feet at the crossing.

The plaintiff started on a run, thinking he would make the crossing. Just as he stepped off to the side, a hundred feet or so before reaching the crossing, he was hit by the engine and injured. No warning was given.

1. The evidence is such as to sustain a finding that the defendant was negligent. The plaintiff was not a trespasser. He used the tracks to go to his work. So did other employes. The evidence justifies a finding that such use was with the consent of the railway people. It strikes one as unusual that railway men, working at a plant of the railroad two miles from town, should use a country road, if there was one, in going to and from their work, when the track was the more convenient. Naturally they would use the track. There is no evidence of another practicable way of reaching the plaintiff's place of work. The railroad owed him a duty when it allowed him, in going to and from his work as an employe, to use its tracks. No warning was given as the train approached.

2. The work of the plaintiff was so connected with railway operation that while at work at the gravel pit he was within the railway employers liability act, Laws 1915, p. 253, c. 187, as that act is construed in Seamer v. Great Northern Ry. Co. 142 Minn. 376, 172 N. W. 765. A holding that he was within the act while walking on the track in going to work, under the circumstances shown in evidence, is not an undue extension of the doctrine announced in the case cited, nor a strained application of the statute. In Moore v. Minneapolis & St. L. R. Co. 123 Minn. 191, 142 N. W. 152, 143 N. W. 326, it was held that a brakeman, who rightfully used a car for sleeping purposes, was an employe while going to and from it for his meals, passing along and over the railway tracks, within a state statute making railroad companies liable to their employes for the negligence of fellow employes of an injured employe. That case is in principle authority for the application to the case at bar of the comparative negligence rule adopted by the statute; and we hold that under the evidence the plaintiff at the time of his injury was within the statute. He was therefore entitled to recover if the defendant was negligent, though he was himself negligent, his dam-

ages being proportionately reduced in accordance with the comparative negligence rule.

3. Nor should it be held as a matter of law that the plaintiff was negligent in attempting to reach the crossing. The track was a steep and high fill at the place where he was when he discovered the approaching train. The train was behind time and he had not anticipated its coming. There was no room to stand at the side. There was a ditch at the bottom of the fill. Snow covered the ground. The bridge ahead of him was some 30 feet across. The fill beyond the culvert to the west was 17 feet high and decreased toward the west. Referring to the time when he discovered the light shining on the track, he says: "I started immediately for the crossing that is near the brick plant, and I ran as fast as I could, and I got about to the switch and the light shone so bright that I jumped to the right, and just as I jumped the train whipped by me and caught my arm." He claims that he felt that it was dangerous to try to go off the side and down into the ditch. He thought he could make the crossing; or in any event he thought he would be given a warning, and that he would not take the chances of going over the side until then or unless it became necessary. He very nearly reached a place of safety. Many would say that he was foolhardy, and should have gotten off the tracks and down the grade at once, or at least when across the bridge, and that he was recklessly running a race with the train. A finding that he was negligent would be sustained. Some would think that he acted reasonably in remaining on the track and trying to reach a point of safety. He did not know just what he would meet if he went down the side. He did not know just the distance to the crossing. He did not have time to make much calculation. That his judgment, as things turned out, was bad does not of itself charge him in law with negligence. Honest men might reasonably differ in opinion when judging his conduct. The defendant offered no evidence. Upon the plaintiff's evidence the case was for the jury upon the issue of contributory negligence.

If the case made brings the plaintiff within the act of 1915 a recovery is not prevented though he was contributorily negligent as a

matter of law; but an instruction that he was would necessarily make applicable the comparative negligence rule. Under the facts now appearing, if the jury finds the defendant negligent, it should determine the issue of contributory negligence, and apply or not apply the comparative negligence rule according as its finding is.

Order reversed.